

ATTORNEYS AT LAW

**Jason E. Halper**
Member of the Firm
Tel  973 597 6144
Fax 973 597 6145
jhalper@lowenstein.com

January 4, 2010

**VIA ECF**

Honorable Steven M. Gold, U.S.M.J.
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   **Dollar Phone Corp., *et al.* v. Dun & Bradstreet Corp., *et al.*
      Civil Action No. 09-3645 (ILG) (SMG)**

Dear Judge Gold:

We represent Defendants Dun & Bradstreet Corp. and Dun & Bradstreet, Inc. (jointly, "D&B") in this matter. In connection with the upcoming Rule 16 conference on Wednesday, January 6, we write to provide Your Honor with a brief summary of this case and to advise Your Honor in advance of the conference that we plan on arguing that discovery in this matter should be stayed or otherwise limited pending D&B's motion to dismiss to the amended complaint.

### I.   Summary of the Case

By way of background, Plaintiffs Dollar Phone Corp. and its corporate parent, Global Switching, Inc. (jointly, "Dollar Phone"), were customers of D&B -- the world's leading source of credit information and other financial and related information about businesses. In its original complaint, Dollar Phone alleged that it purchased supposedly unnecessary products and services from D&B to avoid having its credit score lowered, and also received "an unsolicited sale of a product" from D&B that "Dollar Phone never requested." Dollar Phone purported to bring its complaint both individually and "on behalf of all those similarly situated," and pled claims against D&B for deceptive business practices under Section 349 of the New York General Business Law, libel, and unjust enrichment. D&B moved to dismiss those claims (Pacer No. 8). In November 2009, Dollar Phone responded by filing an amended pleading (Pacer No. 9) -- which asserted the same exact claims as before. Although the amended complaint contains some new allegations, particularly with respect to the putative class (¶¶ 39-45), those allegations do not come close to curing the legal deficiencies in Dollar Phone's claims. Thus, on December 23, D&B filed a motion to dismiss the amended complaint (Pacer No. 14).

That motion remains pending, and we anticipate that the briefing for D&B's motion to dismiss will be completed by early February. Given that D&B's motion will dispose of the entire case if granted, we respectfully submit that any discovery -- with the exception of the exchange of initial disclosures under Rule 26(a)(1) -- should be stayed pending the outcome of the motion.

Honorable Steven M. Gold, U.S.M.J.                                January 4, 2010
Page 2

## II.   Discovery Should Be Stayed Pending Resolution of D&B's Motion to Dismiss

It is well-settled that "good cause" can exist for the entry of a protective order staying discovery under *Fed. R. Civ. P.* 26(c) when a discovery stay is sought pending the determination of a dispositive motion. *See, e.g., Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."); *United States v. County of Nassau*, 188 F.R.D. 187, 189 (E.D.N.Y. 1999) (holding that it was "self-evident" that the cost of discovery would be "an unnecessary expense in the event that [defendant's] motion to dismiss is ultimately granted").

Indeed, discovery is "generally considered inappropriate" where, as here, a motion that would be "thoroughly dispositive of the claims in the Complaint is pending." *Chavous v. District of Columbia Financial Responsibility and Management Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (staying discovery during the pendency of defendants' motion to dismiss); *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979) (a stay of discovery pending the determination of a dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources"). Although a stay of discovery pending a motion to dismiss is by no means automatic, federal courts have held that a stay of discovery should be granted where "a motion to dismiss is potentially dispositive, and appears to be not unfounded in the law." *Spencer Trask Software and Information Services, LLC v. R Post Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

Here, D&B's motion to dismiss is meritorious; it is based on legal grounds; it will dispose of the entire case if granted; and a stay of discovery for a few months while the motion is pending will not cause any harm or prejudice to Dollar Phone. As set forth in D&B's motion papers (Pacer No. 14), Dollar Phone's main claim for deceptive business practices under Section 349 of the New York General Business Law fails as a matter of law because the amended complaint is focused only on the harm purportedly suffered by Dollar Phone individually -- not the consuming public at large. *See Barroso, S.A. v. Polymer Research Corp. of Am.*, 80 F. Supp. 2d 39, 43 (E.D.N.Y. 1999) (Glasser, J.) (dismissing Section 349 claim where the "conduct complained of does not, on its face, affect the consuming public."). In addition, Section 349 governs only "consumer oriented" conduct. In this case, however, Dollar Phone purchased D&B's products for commercial purposes, not personal consumption. *See In re Rezulin Products Liability Litig.*, 392 F. Supp. 2d 597, 614 n. 98 (S.D.N.Y. 2005) (noting that New York law defines "consumers" for purposes of a Section 349 claim as "those who purchase goods and services for personal, family or household use.").

Dollar Phone's other claims are equally baseless. Under New York law, a claim for unjust enrichment cannot be sustained where a contractual relationship existed between the parties. Here, Dollar Phone's own amended complaint acknowledges that Dollar Phone agreed to purchase products from D&B, that it purportedly paid for those products, and that it received a renewal purchase order for at least one of the products in question. Thus, a contract between Dollar Phone and D&B covering these products/services plainly existed. *See Hornell Brewing Co., Inc. v. Spry*, 174 Misc.2d 451, 664 N.Y.S.2d 698 (N.Y. Sup. 1997) (holding that the



shipment and payment of products constituted business dealings "sufficient to establish a contract for sale," even in the absence of a specific written agreement).

With respect to Dollar Phone's remaining claim against D&B for libel, there are simply no allegations in the amended complaint that enable D&B (or the Court) to discern exactly what type of "false information" D&B supposedly published about Dollar Phone (¶ 70), when that allegedly false information was published, how it was published, to whom it was published to, or why the information was false to begin with. *See Capone v. Patchogue-Medford Union Free Sch. Dist.*, 2006 U.S. Dist. LEXIS 96016, *24 (E.D.N.Y. Sept. 15, 2006) (dismissing claims because plaintiff failed to identify any defamatory statement).

For these reasons, and as explained more fully in D&B's moving brief (Pacer No. 14), D&B's motion to dismiss is meritorious and, if granted, will dispose of this case. Because D&B's motion to dismiss will be fully briefed by next month, Dollar Phone cannot credibly claim that a stay of discovery for a few months pending the outcome of the motion will significantly delay these proceedings or otherwise cause Dollar Phone any prejudice. As one court so aptly explained, "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially or unduly delay the action, should it continue." *Rivera v. Heyman*, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997). In contrast, if discovery is allowed to proceed, D&B will be forced to incur significant and possibly unnecessary expenses.

### III.    Alternatively, Discovery Should Be Limited to Class Certification Issues

If the Court is unwilling to stay discovery pending the motion to dismiss (or if D&B's motion to dismiss is denied in whole or in part by Judge Glasser), we respectfully submit that any discovery should be limited to class certification issues. Focusing discovery in this fashion makes eminent sense, given that it ensures that the Court addresses the question of class certification "at an early practicable time" (*Fed. R. Civ. P.* 23(c)(1)(A)), and avoids the wasted expense of full merits discovery if certification is denied. Indeed, courts commonly bifurcate discovery into class and merits phases so that a defendant is not subjected to the burden of full discovery when a class may not be certified. *See* MANUAL FOR COMPLEX LITIGATION (4th ed.) § 21.14 ("Discovery relevant only to the merits delays the certification decision and may ultimately be unnecessary. Courts often bifurcate discovery between certification issues and those related to the merits of the allegations.").

Limiting initial discovery to class issues is especially appropriate here because we do not believe that Dollar Phone will be able to certify a class under the facts of this case. *See In re Initial Public Offerings Sec. Litig.*, 471 F.3d 24 (2d Cir. 2006) (reversing the district court's decision to grant a motion for class certification, and holding that class certification can only be granted if *all* of the Rule 23 requirements are met.). Dollar Phone attempts to define the class as follows:

> **CLASS A:** Since June 2005 to present, all persons and businesses that were forced, misled, or deceived by D&B into purchasing Self Monitor and/or Score Builder which they did not or should not have been required to buy and/or which were of little or no value to them.

**Lowenstein Sandler**
ATTORNEYS AT LAW

> **CLASS B:** Since June 2005 to present, all persons and businesses in specific states [Arizona, California, Connecticut, Delaware, Florida, Illinois, Massachusetts, Maine, Michigan, Minnesota, Nevada, New Jersey, New York, Vermont, Washington, and West Virginia] with substantially similar statutes (enacted and designed to protect against unfair or deceptive business practices) that were forced, misled, deceived by D&B into purchasing Self Monitor and/or Score Builder which they did not or should not have been required to buy and/or which were of little or no value to them.

*Am. Compl.* (Pacer No. 9) ¶ 39.

Under Rule 23, Dollar Phone has to prove that there are questions of law and fact common to the entire class. Given the proposed class definitions above, however, this means that Dollar Phone will have to show that *each member* of the class was "forced, misled, or deceived" into purchasing D&B's products, and that such products "were of little or no value to them." But that type of inquiry would seem to necessarily involve factual issues unique to each particular D&B customer -- which, of course, is the antithesis of a class action.

Separate and apart from commonality problems, Dollar Phone will also have a difficult time establishing the reliance and injury requirements under Rule 23(b)(3). Dollar Phone will have to prove that *each member* of the class relied on the alleged false statements or deceptive business practices of D&B before they purchased D&B's products. Again, this involves individual questions. And Dollar Phone will also have to show that each and every member of the class suffered an injury -- *i.e.*, that they did not receive any benefit from the products they purchased.

Accordingly, D&B believes that even if its motion to dismiss is denied in whole or in part, the denial of class certification is likely. This is significant because this case is in federal court solely because of Dollar Phone's class action allegations under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). *See Am. Compl.* (Pacer No. 9) ¶ 5. If class certification is denied, this case would presumably be remanded back to state court, and would be nothing more than a small claims dispute between Dollar Phone and D&B for $3,000 (*see* ¶ 27).

We therefore respectfully submit that if discovery is going to proceed, it should at first be focused on class certification issues, so that a class certification motion can be resolved sooner rather than later. We look forward to discussing these issues further with Your Honor and counsel for Dollar Phone at the upcoming Rule 16 conference.

Respectfully submitted,

*/s/ Jason Halper*

Jason E. Halper

cc:　　Peretz Bronstein, Esq. (via ECF)

