**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
60 East 42nd Street, Suite 4600
New York, NY  10165
(212) 697–6484
Fax (212) 697–7296

Peretz Bronstein
Edward N. Gewirtz *◊
<u>Neil D. Grossman *    </u>
Noson Kopel
\*   Also admitted in New Jersey
◊ Registered Patent Attorney

January 5, 2010

<u>Via ECF</u>

Hon. Steven M. Gold, U.S.M.J.
United States Court House
225 Cadman Plaza East
Brooklyn, NY 11201

   Re:  <u>Dollar Phone Corp. v. Dunn & Bradstreet Corp., 09-3645 (ILG) (SMG)</u>

Dear Judge Gold:

This firm is counsel to plaintiffs (collectively "Dollar Phone") in the above-referenced action.  This letter is submitted in opposition to the request of Defendant Dunn & Bradstreet Corp. (D&B) to stay discovery pending adjudication of its pending motion to dismiss.

This Court has discretion in deciding to stay discovery pending a dispositive motion based upon the following factors:

> A party seeking a stay of discovery pursuant to Fed. R. Civ. P. 26(c) bears the burden of showing good cause. Telesca v. Long Island Hous. P'ship, Inc., No. CV 05-5509, 2006 U.S. Dist. LEXIS 24311, 2006 WL 1120636, at *1 (E.D.N.Y. Apr. 27, 2006); Spencer Trask Software & Info. Servcs., LLC v. RPost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002). The pendency of a dispositive motion is not, in itself, an automatic ground for a stay. Id. Rather, a court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case. Hachette Distrib., Inc. v. Hudson County News Co. Inc., 136 F.R.D. 356, 358 (E.D.N.Y. 1991). Courts consider the following factors in determining whether a stay is appropriate: 1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the

> breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay. See Telesca, 2006 U.S. Dist. LEXIS 24311, 2006 WL 1120636, at *1; In re Currency Conversion, No. MDL 1409, M21-95, 2002 U.S. Dist. LEXIS 974, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2005) re Currency Conversion, No. MDL 1409, M21-95, 2002 U.S. Dist. LEXIS 974, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2005). Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, the type of motion and whether it is a challenge as a matter of law or to the sufficiency of the allegations, and the posture or stage of the litigation. See Telesca, 2006 U.S. Dist. LEXIS 24311, 2006 WL 1120636, at *1; Hachette, 136 F.R.D. at 358.

Freund v. Weinstein, 2009 U.S. Dist. LEXIS 57991, 3-4 (E.D.N.Y. July 8, 2009).

Notwithstanding the pending motion to dismiss, there is no reason to stay discovery. It is highly unlikely that the pending motion -- even if granted in part -- will result in dismissal of the complaint altogether, and the underlying factual issues will not change. See Freund v. Weinstein, 2009 U.S. Dist. LEXIS 57991 at *5 (refusing to stay discovery because "this Court is doubtful that he will succeed in dismissing all of the claims against him.").

Discovery will focus on the improper tactics that D&B uses to coerce small businesses into purchasing products needed to protect the businesses' credit rating from improper downgrading by D&B. The amended class action complaint asserts claims for unjust enrichment and violation of various consumer fraud statutes. Based on the arguments made by D&B in its pending motion to dismiss, Dollar Phone intends to further amend the complaint to add a breach of contract claim.

All of the claims against D&B are predicated on the same underlying improper practices, which are the proper subject for discovery. To summarize:

1. D&B sold to small businesses the "Score Builder" product which promised to allow subscribers to submit credit references that would build the customer's credit score. However, D&B, without notice to Dollar Phone before purchase, restricted the references it would accept to domestic companies that are existing D&B rated companies. Dollar Phone's references did not meet this condition and were rejected. Dollar Phone did not get the benefit of its bargain. The primary claim is breach of contract.[1] Every other customer that purchased the service faced the same improper limitation on the credit references that would be accepted.

---

[1] Although the Amended Complaint does not (due to inadvertency) include a breach of contract claim, in opposition to the Motion to Dismiss Dollar Phone intends to supplement the complaint with a claim for breach of contract by means of affidavit and cross-motion to amend.

2.  D&B deceived consumers like Dollar Phone into purchasing the "Self Monitor" product (which allows small business consumers to update their own financial information to maintain the business' credit rating) by falsely claiming not to have received updated financials that Dollar Phone sent via fax and/or email. This claim sounds primarily in unjust enrichment. The claim is not based upon the breach of the "Self Monitor" subscription agreement, but rather that D&B was unjustly enriched by using deceitful methods to coerce customers into purchasing the service. See <u>Travelers Indem. Co. v. Liberty Med. Imaging Assocs. P.C.</u>, 2009 U.S. Dist. LEXIS 35740 (E.D.N.Y. Mar. 15, 2009) (Finding unjust enrichment requires only that the defendant received a benefit at plaintiff's expense and "equity and good conscience" required restitution); see also <u>Kaye v. Grossman</u>, 202 F.3d 611, 616 (2d Cir. 2000) (citing <u>Dolmetta v. Uintah Nat'l Corp.</u>, 712 F.2d 15, 20 (2d Cir. 1983)). D&B obtained subscription fees for an unneeded service by deceit, which constitutes unjust enrichment.

3.  Dollar Phone has claimed violation of NY GBL Section 349 on the basis of the foregoing deceptive practices. Defendant's main contention against this claim is that because Dollar Phone is a small business, it cannot be a consumer within the meaning of New York GBL Section 349. However, Judge Weinstein in <u>Verizon Directories Corp. v. Yellow Book USA, Inc.</u>, clearly stated that "small business owners, as purchasers and potential purchasers…qualify as 'consumers' within the meaning of the statute." <u>Verizon Directories Corp.</u>, 338 F. Supp. 2d 422, 428 (E.D.N.Y. 2004). Furthermore, that case involved Verizon Directories Corp., with more than $4 billion in sales, suing Yellow Book USA, Inc., with almost $1 billion in sales, for violation of NY GBL Section 349. So long as the claim arises out of the purchase of a widely advertised product, as it does here, and not a privately negotiated agreement, a Section 349 claim will lie. <u>New York Univ. v. Continental Ins. Co.</u>, 87 N.Y.2d 308, 320, (N.Y. 1995). Therefore, there is no issue of Dollar Phone or other small businesses not being consumers. For the same reason, D&B's unlawful behavior is consumer-oriented.

4.  Dollar Phone also asserts a libel claim against D&B. This claim too is meritorious. Contrary to D&B's conclusory claim that Dollar Phone does not adequately allege the specific libelous statements of D&B, Dollar Phone specifies all of the requirements in Paragraphs 33 through 38 and 70 through 74 of its complaint. In short, D&B published libelous and false credit ratings regarding Dollar Phone and other class members.

Thus, D&B's motion to dismiss will likely be unsuccessful in disposing of any of Dollar Phone's claims; it will definitely fail to dispose *all* of the claims. For the foregoing reasons, Dollar Phone, through its undersigned counsel, requests that Defendant's request to stay discovery be denied. Furthermore, to bifurcate class discovery from general

discovery will simply delay resolution of the matter, so all discovery should proceed immediately following tomorrow's conference.

                                                             Respectfully yours,
                                                             /s/  Peretz Bronstein
                                                             Peretz Bronstein

cc: Jason Halper, Esq.