# BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, NY  10165
(212) 697–6484
Fax (212) 697–7296

Peretz Bronstein
Edward N. Gewirtz *◊
Neil D. Grossman *
Noson Kopel
*  Also admitted in New Jersey
◊ Registered Patent Attorney

April 11, 2011

**Via ECF**

Hon. Steven M. Gold, U.S.M.J.
United States Court House
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  Dollar Phone Corp. v. Dunn & Bradstreet Corp., 09-3645 (ILG) (SMG)

Dear Judge Gold:

This firm represents Plaintiffs (collectively "Dollar Phone") in the above-referenced action.  We are writing regarding the status of discovery pursuant to Your Honor's Order, dated January 19, 2011.  Plaintiffs received Defendants' document production last week but were not able to access the encrypted documents until Friday, May 8, 2011 when D&B sent the documents unencrypted via Email.  As such, Plaintiffs have not been able to adequately review the documents yet.  In addition, Defendants have not yet responded to Plaintiff's Second Request for Documents.  Plaintiffs are still in the process of locating the many documents and emails that are responsive to Defendants document requests.  This process is almost complete and Plaintiffs anticipate producing the documents by week's end, if not before the discovery conference.

Regarding the disputes detailed below, counsel will first attempt to resolve these matters without court intervention.  The parties have not yet discussed these matters, although both parties have stated intentions to resolve such issues in good faith.  With respect to Defendants' written responses to Plaintiff's interrogatories and document requests, there are several inadequacies.  Defendants' interrogatory responses are inadequate for Interrogatories 5-6, 10-11, 14-16, and 18 (*please see Exhibit A to this letter*) for the following reasons:

Interrogatories 5-6: Plaintiffs requested information concerning D&B's quality control procedures to ensure accurate reporting. In its response to 6, D&B only refers to its response to 5, which has no information regarding such procedures.  Interrogatory 5 only states, in a general way, that information provided

to D&B by companies is sent to a vendor that processes it.  D&B has not provided any information about its policy or procedures for ensuring that such information is received and whose responsibility it is to send such information to the vendor.

Interrogatories 10-11: D&B refused to answer the entire interrogatory because D&B claims that the phrase "credit information" is vague as it relates to D&B's reports.

Interrogatories 14-15: D&B states that it will produce documents concerning customer complaints about Score Builder and Self Monitor.  Plaintiffs have not been able to locate/review documents that fully address this interrogatory.  Plaintiffs may raise this issue after full, detailed review of the documents in the near future.

Interrogatory 16: In response to Plaintiffs' request for identification of those persons who assisted in answering the interrogatories, D&B objected to the interrogatory because of the attorney work product doctrine.  But D&B should still provide the names of all non-attorneys (i.e. D&B employees and others) who provided the information to answer the interrogatories.  No privilege protects disclosure of such persons' identities.

Interrogatory 18: Plaintiffs requested that Defendants describe its information systems "with specificity" but Defendants only identified the names of its different information systems without any description or explanation.

Furthermore, D&B refused to provide information regarding products that are identical or similar to its Score Builder product, such as Credit Builder and other such products (*see Exhibit A, Defendants' Response to Interrogatories, p. 2, General Objection 2; Exhibit B, Plaintiffs' Interrogatories, p. 2, Definition 5*).  These products each allowed its purchaser to add trade references to its profile and thereby improve credit scores.  Thus, information regarding such products is relevant to this case.  This issue is also relevant to Defendants' written response to Plaintiff's document demand and its production of documents because Defendants objected there on these same grounds (*see Exhibit C, Defendants' Written Response to Document Demand, p. 2, General Objection 3; Exhibit D, Plaintiffs' First Request for Documents*).

With respect to Defendants' written response to Plaintiff's document requests, Defendant's responses are inadequate for many requests, including 21-22, 25, 28, and 29.  Defendants refused to produce any documents pursuant to these and other requests because they claim that the "sampling" method of collecting documents is overbroad and burdensome.  As a result, Plaintiffs lack many important documents.

Thank you for your attention to this important matter.

                          Respectfully yours,
                          /s/ Peretz Bronstein
                          Peretz Bronstein

cc: Jason Halper, Esq. via ECF