

**Jason E. Halper**
Member of the Firm
Tel  973 597 6144
Fax  973 597 6145
jhalper@lowenstein.com

April 12, 2011

VIA ECF

Honorable Steven M. Gold, U.S.M.J.
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Dollar Phone Corp., *et al.* v. Dun & Bradstreet Corp., *et al.*
      Civil Action No. 09-3645 (ILG) (SMG)

Dear Judge Gold:

We represent Defendants Dun & Bradstreet Corp. and Dun & Bradstreet, Inc. (jointly, "D&B"). I write to briefly respond to Plaintiffs' April 11 letter to Your Honor (*Docket # 39*), and to flag certain discovery issues that D&B hopes to resolve with Plaintiffs without court intervention.

As a threshold matter, none of the issues raised in Plaintiffs' April 11 letter were previously raised with D&B. Thus, as Plaintiffs point out, those issues will first need to be addressed through a good faith meet and confer before those issues are presented to Your Honor. In addition, D&B wishes to clarify the point raised in Plaintiffs' letter that "Defendants have not yet responded to Plaintiff's Second Requests for Documents." The schedule set by Your Honor at the January 19 status conference did not contemplate the parties serving multiple sets of document demands. D&B responded to Plaintiffs' original document requests in a timely manner. To the extent that supplemental document demands are permitted in this case, Plaintiffs' Second Requests for Documents were not served until March 31; thus, D&B's time to respond to those Requests does not expire until May 3 under Rules 34(b)(2)(A) and 6(d).

In terms of Plaintiffs' discovery obligations, Plaintiffs have thus far failed to produce a single document in response to D&B's document requests. The parties' document productions were originally due on April 1 pursuant to the schedule set by Your Honor at the January 19 status conference. We were informed yesterday that Plaintiffs need additional time to produce their documents. D&B does not object to extending Plaintiffs' deadline to produce documents, but obviously a production will need to be made shortly to keep the discovery schedule on track.

Once Plaintiffs complete their document production, D&B will be in a position to assess whether there are any deficiencies that need to be addressed. In the meantime, D&B believes that there are several deficiencies in Plaintiffs' written responses to D&B's document demands and interrogatories. Among other things, Plaintiffs have (1) asserted a series of improper boilerplate objections to both D&B's document requests and interrogatories, (2) refused to identify the terms

of the contract that D&B supposedly breached in this matter, (3) failed to identify the trade references that Plaintiffs submitted to D&B in connection with the "Score Builder" product that Plaintiffs purchased, (4) failed to specify the instances, if any, in which Plaintiffs' ability to obtain credit was impaired as a result of their scores on D&B's reports, and (5) failed to identify the exact amount of damages that they are seeking in this case. After we receive Plaintiffs' document production, we hope to resolve the above issues with Plaintiffs through the meet and confer process. If they cannot be resolved, we will seek Your Honor's assistance.

We also note that on March 30, the parties submitted a proposed discovery confidentiality order for Your Honor's review and approval. *See Docket # 37.* To date, that proposed order has not been signed. The parties will be happy to discuss any questions or concerns that Your Honor has with respect to that proposed order.

D&B has circulated a call-in number to Plaintiffs for tomorrow's 10:00 status conference call. Once both parties are on the line, we will call Your Honor to join the conference.

We thank the Court for its attention to this matter.

Respectfully submitted,

Jason E. Halper

cc: Peretz Bronstein, Esq. (via ECF)
Shimon Yiftach-Hashem (via E-mail)

