

Kristin A. Muir
Associate

Tel  973 422 6784
Fax  973 422 6785
kmuir@lowenstein.com

June 15, 2011

**VIA ECF**

Honorable Steven M. Gold, U.S.M.J.
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Dollar Phone Corp., *et al.* v. Dun & Bradstreet Corp., *et al.*
        Civil Action No. 09-3645 (ILG) (SMG)

Dear Judge Gold:

This firm represents Defendants Dun & Bradstreet Corp. and Dun & Bradstreet, Inc. (jointly, "D&B") in this matter. I write pursuant to Your Honor's directive that all outstanding discovery issues be raised with the Court by Wednesday, June 15, 2011. Although the parties have had numerous conference calls and e-mail communications over the last several weeks, and have made significant progress in narrowing the scope of the discovery disputes, a few issues still remain in which the parties need Your Honor's assistance. Those issues are outlined below.

   I.   **Plaintiff Dollar Phone's Discovery Deficiencies**

        A.   **Dollar Phone's Privilege Log**

Dollar Phone has withheld approximately 69 e-mails from its document production on the basis of the attorney-client privilege. Many of the e-mails are from November 2007, which is long before a dispute arose between the parties and long before this litigation was filed. The biggest problem with Dollar Phone's privilege log is that it contains nebulous descriptions of the documents being withheld, and therefore D&B has no way to assess the propriety of the privilege assertion. For instance, the log describes the e-mails as containing, among other things, a "Request to update financial statements," "Dollar Phone's D&B report," "Payments to D&B," "Self Monitor," or "Score Builder." No further descriptions are provided. On their face, those descriptions – which indicate that the e-mails involve communications about financial information and products that Dollar Phone purchased – do not appear to involve attorney-client privileged communications.

During the parties' recent conferences, Dollar Phone has stated that the e-mails involved "legal advice" given that Peretz Bronstein (Dollar Phone's lead counsel in this case) was a recipient (and sometimes author) of the e-mails. But simply stating that a document involves "legal advice" is not enough. A privilege log has to be sufficiently detailed so that the other side can actually assess whether it makes sense to challenge the assertion of a privilege. This requires a

Honorable Steven M. Gold, U.S.M.J.                                                                June 15, 2011
Page 2

party to describe the privilege and the privileged documents with particularity. *See Aurora Loan Servs., Inc. v. Posner, Posner & Assocs., P.C.*, 499 F. Supp. 2d 475, 479 (S.D.N.Y. 2007). Dollar Phone has not done that here.

Moreover, Mr. Bronstein is not simply Dollar Phone's counsel for this litigation. He maintains a Dollar Phone e-mail address (peretz@dollarphone.com), and, therefore, he appears to act in both a business and legal capacity for Dollar Phone. Accordingly, the fact that he is copied on an e-mail discussing financial information does not somehow transform the e-mail into a privileged document. *See, e.g.*, *Georgia-Pacific Corp. v. GAF Roofing Mfg. Corp.*, No. 93-cv-5125 (RPP), 1996 WL 29392, *5 (S.D.N.Y. Jan. 25, 1996) (denying privilege claim on the grounds that the in-house counsel was acting in a business capacity, rather than a professional legal capacity).

The privilege log is attached for Your Honor's review. We respectfully submit that Dollar Phone should be required to provide further details and descriptions about the e-mails so that D&B can assess the propriety of the privilege being claimed.

    B.  **Dollar Phone's Failure To Produce Its Accounts Payable Information**

Despite repeated requests, Dollar Phone has failed to furnish documents sufficient to identify Dollar Phone's accounts payable from January 1, 2007 through July 31, 2009 (*D&B Document Request No. 25*). This information is highly relevant to D&B's defenses in this case, given that Dollar Phone has alleged that D&B published false information about Dollar Phone's credit risk profile, and that D&B falsely claimed that "Dollar Phone Corp. did not pay its obligations on time." *See Second Am. Compl.* ¶¶ 42, 85. Because Dollar Phone's ability to pay its creditors in a timely manner is plainly an issue in this case, D&B respectfully submits that Dollar Phone's accounts payable information for the relevant period should be produced. Dollar Phone, however, has objected to such discovery on the grounds that its accounts payable information is not relevant to this case. As such, the parties have been unable to resolve this issue.

    C.  **Dollar Phone's Interrogatory Answers**

Dollar Phone's interrogatory answers are deficient in the following ways: (1) Dollar Phone has refused to identify the terms of the contract that D&B supposedly breached in this matter (*Interrogatory No. 3*), (2) Dollar Phone has refused to specify the instances, if any, in which Dollar Phone's ability to obtain credit was impaired as a result of any scores published in D&B's reports (*Interrogatory No. 15*), and (3) Dollar Phone has failed to identify the exact amount of damages that it is seeking in this case (*Interrogatory No. 16*). Those questions should not be difficult to answer, and they go to the core of Dollar Phone's breach of contract and libel claims in this case. We therefore respectfully request that Your Honor direct Dollar Phone to amend its interrogatory responses to properly answer these interrogatories.

    D.  **Identification Of Dollar Phone's Expert Witnesses**

Under the discovery schedule, Dollar Phone is required to identify any expert witnesses that it plans on using in connection with its motion for class certification. Dollar Phone is also required to produce "the resume of the expert and a brief statement of the subject matter with respect to

Honorable Steven M. Gold, U.S.M.J.                                         June 15, 2011
Page 3

which the expert will provide evidence." *1/19/11 Minute Entry Order.* Under the original schedule, Dollar Phone was supposed to complete this by May 1, 2011. That deadline was then extended by 45 days pursuant to the parties' April 13 conference call with Your Honor. To date, however, Dollar Phone still has not identified any experts, produced any expert resumes, or served a brief statement of the subject matter of any expert evidence.

While D&B is willing to be accommodating in terms of extending deadlines, this will obviously impact the entire discovery schedule. More importantly, D&B cannot begin to search for its own experts – and cannot adequately prepare for the class certification discovery – without knowing what types of experts Dollar Phone plans on using to support its motion for class certification. Accordingly, D&B respectfully requests that Your Honor set a final, firm deadline by which Dollar Phone has to comply with its initial expert disclosure obligations.

## II.   Issues Raised By Dollar Phone

Dollar Phone has informed us that it will raise with Your Honor certain outstanding issues with regard to D&B's discovery, including (1) D&B's supplemental interrogatory responses, (2) the production of "customer complaints" about Self Monitor and Score Builder, and (3) a production of documents based on a "sampling" of 250 D&B customers. We respectfully submit that none of those issues requires Your Honor's intervention.

In response to follow-up questions by Dollar Phone, and to facilitate the discovery process, D&B voluntarily agreed to supplement its interrogatory responses to provide Dollar Phone with more information before the parties began taking depositions. D&B is finalizing its supplemental responses and should be prepared to serve its supplemental answers by the end of this week.

Additionally, after consulting with Dollar Phone, D&B has agreed to produce additional documents on a rolling basis, with the first production to be made this week. The other set of documents, encompassed by Dollar Phone's First and Second Requests for Documents, is comprised of customer complaints made to D&B. That electronic data is currently being processed by an outside vendor – and given that the data includes complaints having nothing to do with the Self Monitor and Score Builder products at issue in this case, we are using search terms to narrow the universe of documents down to a manageable number. We anticipate having to review around 5,000 documents, and making a production by the end of this month.

Finally, earlier this week, D&B and Dollar Phone reached agreement on the customer "sampling" issue. As such, D&B is in the process of formulating a methodology for the random sampling and has agreed to work with Dollar Phone in that endeavor.

We are available at Your Honor's convenience for a conference, either by phone or in person, to discuss any of these issues. We thank the Court for its attention to this matter.

Respectfully submitted,


/s   Jason Halper