# BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697–6484
Fax (212) 697–7296

Peretz Bronstein
Edward N. Gewirtz
Neil D. Grossman
Shimon Yiftach

November 14, 2012

**Via ECF and FedEx**

Hon I. Leo Glasser, U.S.D.J.
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  Dollar Phone Corp. v. Dun & Bradstreet Corp., 09-3645 (ILG) (SMG)

Dear Judge Glasser:

This firm is counsel to Plaintiffs Dollar Phone Corp. and Global Switching, Inc. (collectively, "Dollar Phone"), in the above-referenced action. In the interests of justice, before Your Honor makes a decision affecting thousands for class members, I request leave to supplement my response to Your Honor's question during oral argument yesterday: "Mr. Bronstein, do you think Dunn & Bradstreet [D&B] acted in bad faith?" To the extent that leave is granted, the supplemental response is as follows:

There is no question that D&B violated the covenant of good faith and fair dealing; at the least, there is a triable issue on this matter. D&B committed to allow purchasers "to submit up to six trade references to D&B which we will attempt to convert into payment references. Verified experiences will then be added to your D&B credit file . . . ." The "attempt" language plainly relates to the immediately subsequent discussion of reference verification. The commitment to accept "up to six trade references" is unqualified. Indeed, Your Honor confirmed Magistrate Judge Gold's denial of D&B's motion to dismiss the breach of contract claim, accepting Judge Gold's recommendation that breach of contract was adequately alleged because "[t]here is no indication in the offering that only domestic companies that are D&B subscribers may serve as 'references of [the buyer's] choice.'" Dollar Phone Corp. v. Dun & Bradstreet Corp., 2010 U.S. Dist. LEXIS 134417, 22-23 (E.D.N.Y. Sept. 2, 2010).

Dollar Phone has submitted uncontroverted evidence from D&B's internal studies that show 50% of the references submitted by Score Builder purchasers were rejected (including most of D&B's in 2005 and 2009) due to D&B's secret restrictions.  Dollar Phone did not have a duty to investigate what limitations may exist; rather, D&B offered a product to small businesses and had a duty to give purchasers what they bargained for, without unreasonable restrictions on trade reference acceptance.  I remind Your Honor that in the Court's recent decision in <u>Dell's Maraschino Cherries Co. v. Shoreline Fruit Growers, Inc.</u>, 2012 U.S. Dist. LEXIS 114583, 51-52, Your Honor ruled that "determinations as to the reasonableness of the parties' actions or their good faith are generally questions of fact for the jury, not the Court, and thus cannot be decided on summary judgment."

Thank you for your attention to this important matter.

Respectfully yours,

<u>/s/ Peretz Bronstein</u>
Peretz Bronstein


Cc: Jason Halper, Esq. (via ECF)